IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVAUGHN TATE-JOHNSON,** )<br>       **Plaintiff,** )<br>  )<br>**v.** )<br>  )<br>**POLICE OFFICER JOSH ALLISON,** )<br>       **Defendant.** ) | **C.A. No. 19-355 Erie**<br><br>**District Judge Susan Paradise Baxter** |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's motion to compel and for the award of attorney fees against the City of Erie [ECF No. 35]. The motion seeks unredacted copies of internal affairs files ("IA files") concerning Defendant Police Officer Joshua Allison ("Allison") that were produced by the City of Erie ("the City"), in redacted form, on March 31, 2021. At issue are redactions the City has made to two memoranda contained within the IA files: a memorandum from Patrolman Fatica ("Fatica") to Deputy Chief Nolan, dated March 7, 2019, and a memorandum from Inspector Mark Sanders to Chief Daniel Spizarny, dated June 13, 2019. The City argues that the redacted information is protected by attorney-client privilege, while Plaintiff argues that the privilege does not apply and/or has been waived. Unredacted copies of the memoranda in question have been provided to the Court for *in camera* review.

On March 7, 2021, a telephonic hearing was held before the Court, during which both parties were given the opportunity to argue their positions. On the same date, the City filed a brief in opposition to Plaintiff's motion [ECF No. 40]. This matter is now ripe for consideration.

1

The attorney-client privilege is meant to facilitate "full and frank communication between attorneys and their clients." Wachtel v. Health Net, Inc., 482 F.3d 225, 231 (3d Cir. 2007). The privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." Upjohn v. United States, 449 U.S. 383, 389 (1981). The privilege "applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between [the client and the attorney or his agents] (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" In re Teleglobe Communications Corp., 493 F.3d 345, 359 (3d Cir. 2007) (citation omitted). Thus, the privilege reaches "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." Fisher v. United States, 425 U.S. 391, 403 (1976); see also In re Ford Motor Co., 110 F.3d 954, 965 n.9 (3d Cir. 1997) (communication made by client and an attorney are privileged if made "for the purpose of securing legal advice.")

While recognizing the value served by the privilege, courts must also be mindful that the privilege obstructs the truth-finding process and should, therefore, be "applied only where necessary to achieve its purpose." Wachtel v. Health Net, Inc., 482 F.3d 225, 231 (3d Cir. 2007). Federal courts are further required to assess the application of the privilege on a case-by-case basis. Thus, "Rule 501 [of the Federal Rules of Evidence] requires the federal courts, in determining the nature and scope of an evidentiary privilege, to engage in the sort of case-by-case analysis that is central to common-law adjudication." Id. at 230; see also Upjohn, 449 U.S. 383, 396-97 (1981). In addition, the party asserting the privilege bears the burden of proving that it applies to the communication at issue. In re Grand Jury, 603 F.2d 469, 474 (3d Cir. 1979).

Turning to the records at issue, the Court finds nothing in the redacted portion of the June 13, 2019 Inspector's report on Plaintiff's Citizen Complaint falls within the confines of the

attorney-client privilege. The redacted two sentences merely contain an opinion of the Inspector, followed by a description of Plaintiff's plea bargain. Thus, Plaintiff is entitled to receive a full, unredacted copy of said memorandum.

The redacted portion of the March 7, 2019 memorandum is a bit more challenging to unpack. To do so, the content at issue must be placed in its proper context. The memorandum was largely prompted by Fatica's dissatisfaction and disagreement with the plea agreement that was made between the Assistant District Attorney ("ADA") and Plaintiff's criminal defense attorney at Plaintiff's preliminary hearing on February 20, 2019. The redacted portion of the March 7, 2019 memorandum largely recounts Fatica's conversation with the same ADA approximately two weeks after the plea deal had been struck. In order for the attorney-client privilege to apply, the City must show that the communication between Fatica and the ADA was made for the purpose of securing legal advice or assistance. This it cannot do.

It is apparent from the redacted portion of the memorandum that the ADA's comments merely explained the reasoning for the decision to enter the plea deal with Plaintiff, as well as the ADA's impressions of the evidence. This was not legal advice or assistance regarding an ongoing legal matter, nor was it a discussion of whether or in what respect to prosecute Plaintiff in preparation for an upcoming legal proceeding. Rather, this was an after-the-fact discussion of a legal decision for which Fatica sought an explanation. As such, it is not covered by the attorney-client privilege.[1] The remainder of the redacted material merely contain Fatica's opinions and concerns, which are not protected by the privilege.

---

[1] In support of its argument that the content of Fatica's discussion with the ADA is protected by attorney-client privilege, the City cites the case of Bare v. Cruz, 2012 WL 1138591 (E.D. Pa. Apr. 2, 2012). In that case, the court summarized the communications at issue as follows:

AND NOW, this 10th day of May, 2021,

IT IS HEREBY ORDERED that Plaintiff's motion to compel and for attorney fees against the City of Erie [ECF No. 35] is GRANTED insofar as the City of Erie is directed to produce to Plaintiff complete, unredacted copies of Defendant Police Officer Joshua Allison's internal affairs file within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's motion for attorney fees against the City of Erie will be held in abeyance, to be decided at a later date in conjunction with Plaintiff's pending motion for contempt (ECF No. 28].

_____
SUSAN PARADISE BAXTER
United States District Judge

---

The communications contain relevant information needed by the Attorney General to make an informed decision on whether to prosecute Defendant Cruz for his conduct in the underlying incident. Additionally, these communications contain proposed legal advice made in anticipation of potential litigation stemming from the alleged incident. Further, the communications explicitly discuss strategy and include discussions pertaining to defense counsel." Bare v. Cruz at *4.

None of the foregoing characteristics are evident in the communication at issue in this case.